IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| STARLINK LOGISTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 1:12-cv-00011 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| ACC, LCC and SMELTER SERVICE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Lift Stay (Doc. No. 177), which was filed on July 2, 2018. Defendant ACC, LLC ("ACC") filed a Response in Opposition (Doc. No. 179), Plaintiff filed a Reply (Doc. No. 183), and ACC filed additional documents in opposition to Plaintiff's Motion (Doc. Nos. 191 and 201).

## BACKGROUND

This action is one of three lawsuits[1] of which the Court is aware between Plaintiff and ACC concerning the alleged discharge of toxic pollutants from a landfill site owned by ACC in Mount Pleasant, Tennessee. Plaintiff owns adjoining property and alleges, in this action, that the continuous discharges from ACC's property violate the Clean Water Act ("CWA"), the Resource Conservation and Recovery Act ("RCRA"), the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), and state law.

---

[1] The other two cases are *StarLink Logistics, Inc. v. ACC, LLC, et al.* (currently pending before the U.S. Supreme Court on petition for writ of certiorari) and *StarLink Logistics, Inc. v. ACC, LLC, et al.*, Case No. 1:18-cv-0029, pending before this Court.

On January 17, 2013, the Court stayed the part of this action involving Plaintiff's CWA and RCRA claims, "pending the final adjudication of the Chancery Court proceeding," based on abstention grounds. Plaintiff's CERCLA and state law claims were not stayed. Doc. Nos. 64-65.

The "Chancery Court proceeding" (referenced in the Court's opinion) involved a Consent Order entered into by the Tennessee Department of Environment and Conservation ("TDEC") and ACC in June 2011. ACC filed that (proposed) Consent Order, per Tennessee statute, with the Chancery Court of Davidson County, requesting that the Chancery Court enter a judgment by consent. Plaintiff intervened in the Chancery Court proceeding, and the matter was eventually remanded to the Tennessee Solid Waste Disposal Control Board ("the Board") for further proceedings as a contested case. Following a contested-case hearing before an administrative law judge, the Board voted to approve an Amended and Restated Consent Order negotiated by ACC and TDEC.

Plaintiff appealed that administrative decision to the Chancery Court, which affirmed the Board's decision. Plaintiff appealed the Chancery Court decision to the Tennessee Court of Appeals, which rejected the Amended and Restated Consent Order and remanded the case for further consideration of an alternative remedial plan. The Board appealed that Court of Appeals decision to the Tennessee Supreme Court, which reversed the decision and remanded the case to the Court of Appeals for consideration of specific issues. On remand, the Court of Appeals affirmed the Chancery Court's and the Board's decisions and thus approved the Amended and Restated Consent Order between TDEC and ACC. Plaintiff then filed an application for permission to appeal to the Tennessee Supreme Court, which denied that application.

Since the filing of Plaintiff's Motion to Lift the Stay, Plaintiff has filed a Petition for Writ of Certiorari in the U.S. Supreme Court, ACC and TDEC have filed responses, and Plaintiff has

filed a reply (*see* Doc. Nos. 191 and 201). So far as the Court is aware, that Petition remains pending before the Supreme Court.

## DISCUSSION

Plaintiff argues the Court should lift the stay because the stated grounds for the Court's abstention no longer exist and Plaintiff has exhausted its state court remedies in the Chancery Court proceeding. This assertion is no longer true. As noted, the Court granted the stay and abstained from proceeding with the CWA and RCRA claims "pending final adjudication of the Chancery Court proceeding." Although Plaintiff argued, in July 2018, that there was no longer any basis for the Court to abstain, that argument is no longer persuasive. Until the Supreme Court resolves Plaintiff's appeal (by decision, by refusal to hear the case, or otherwise), the stay issued on January 17, 2013 (Doc. No. 65) should be maintained.[2] Once the Chancery Court proceeding, including the petition to the Supreme Court, is final, either party may file, if appropriate, a motion to lift the stay.

Although not required to reach this result, the Court will address ACC's arguments that the Order staying part of this case ("the Stay Order") is "final," that Plaintiff failed to file a timely appeal of the Stay Order, and that Plaintiff's Motion to Lift the Stay is untimely. The Court notes first that Plaintiff's Motion to Lift Stay is not an appeal of the Stay Order. Plaintiff is not contesting, in the current motion, entry of the Stay Order in the first place. Plaintiff is not asking the Court to review or reverse the granting of the stay in 2013. Plaintiff is asking the Court to *lift* that stay, an action contemplated by both Judge Trauger (in ordering the stay) and the Magistrate Judge. Doc.

---

[2] Accordingly, ACC's arguments concerning the *res judicata* and collateral estoppel effects of the state-court decision are premature.

No. 166 at 1 ("within fourteen (14) days after any final ruling [in the state court proceeding] ... any party intending to do so shall file a motion to lift the stay in this case.")

Citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983), Plaintiff argues that the Stay Order is a final order because it effectively put Plaintiff's CWA and RCRA claims out of court, with the intended effect of surrendering jurisdiction to the state court. This Court disagrees. In *Moses*, the federal court action (filed by Mercury against the hospital) involved the single issue of whether arbitration of the claims between the parties should be compelled, which was identical to the primary issue in the state court action previously filed by the hospital against Mercury. *Id*. at 7-8; *id.* at 10 ("the District Court predicated its stay order on its conclusion that the federal and state actions involved 'the identical issue of arbitrability of the claims of [Mercury] against [the hospital].'" (quoting App. to Pet. for Cert. A–38)). That issue of arbitrability was the only substantive issue present in the federal action. *Id.* "Hence, a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum; [after resolution of the state suit, there would not be any lifting of the stay that would result in further litigation in federal court, because] the state court's judgment on the issue would be res judicata. *Id.*[3] In *Moses*, the Court noted that abstention-based stay orders like the one in that case are "conclusive" in that they are the practical equivalent of an order dismissing the case. *Id*. at 12-13.

The Stay Order here, by contrast, was not the practical equivalent of an order dismissing the case or even part of the case. Here, the federal and state actions are not aimed at resolving a

_____

[3] The issue in *Moses* actually was whether the stay had been properly granted, but the Court held that, before addressing the propriety of the stay order, it must decide whether that order was appealable. *Moses*, 460 U.S. at 1, 4. Under the circumstances of that case, the Court found that it was. *Id*.

single issue. The parties strongly dispute how the two actions relate to each other and whether particular decisions in each would raise *res judicata* or collateral estoppel issues in the other. But suffice it to say that this action includes claims not found in the State Court Action, and there will be issues that remain to be decided by this Court after resolution of the State Court Action. A decision concerning the state administrative proceeding underlying the State Court Action conceivably could have *res judicata* or collateral estoppel effect on some of the issues on this case, but the extent to which that will prove true remains to be seen. The Stay Order did not put Plaintiff "out of [federal] court," *id.* at 10 & n.8, or surrender this Court's jurisdiction to the state court.

Moreover, this Court has recognized the temporary nature of the stay. For example, in the Stay Order, the Court stated that "the exercise of federal review *at this juncture* would be disruptive of Tennessee's efforts to establish a coherent policy." Doc. No. 64 at 16 (emphasis added). In her Order denying Plaintiff's Motion for Partial Reconsideration of the stay, Judge Trauger described the Stay Order as "interlocutory." Doc. No. 88 at 5-6. And in the Stay Order itself, the Court stated that "[t]he motion will be granted to the extent that it requests this court to *temporarily* abstain[4] from exercising jurisdiction over the plaintiff's CWA and RCRA claims *pending final adjudication of the Chancery Court proceeding*." Doc. No. 64 at 20 (emphasis added). As noted in the Stay Order, under the abstention doctrine, a court may decline to exercise *or postpone the exercise of* its jurisdiction. *Id.* at 13. Here, the Court postponed the exercise of its jurisdiction as to certain of Plaintiff's claims.

---

[4] The Court might have used the word "deferral" instead of "abstain," as suggested in *Grove v. Emison*, 507 U.S. 25, 32 (1993), where the Court suggested that "deferral" would be preferable to refer to those circumstances that require *postponing* consideration of the merits of a suit (or, in this case, certain issues), rather than dismissal of the suit.

In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)), the Court noted that it has permitted federal courts applying abstention principles in damages actions (here, Plaintiff seeks damages as well as injunctive relief) to enter a stay, but it has not permitted them to dismiss the action altogether. The Sixth Circuit also has instructed that "even when abstention is appropriate, a district court should stay, not dismiss, the federal suit." *Habich v. City of Dearborn*, 331 F.3d 524, 534, n. 4 (6th Cir. 2003).[5] The Court similarly has stayed consideration of certain issues, not dismissed them. ACC's arguments concerning finality do not change the result herein.

## CONCLUSION

For these reasons, Plaintiff's Motion to Lift Stay (Doc. No. 177) will be denied. An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] Issuing a stay avoids the costs of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires. *Adrian Energy Assocs. v. Michigan Public Serv. Comm'n,* 481 F.3d 414, 424-25 (6th Cir. 2007).